IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| KEITH FEGAN | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-890-TFM |
| | | (WO) |
| TAHIR SIDDIQ, M.D., | * | |
| Defendant. | * | |

_____

**MEMORANDUM OPINION**

Plaintiff filed this 42 U.S.C. § 1983 action while he was incarcerated at the Bullock Correctional Facility ["Bullock"] in Union Springs, Alabama.[1] Plaintiff complains that Defendant Tahir Siddiq, M.D. ["Dr. Siddiq"] denied him adequate medical care for a broken wrist he sustained prior to his arrival at the prison. Plaintiff seeks trial by jury and requests that the court "examine the case for 8th Amendment violation." (*Doc. No. 1*.)

Defendant filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. In accordance with the orders of the court, Plaintiff was informed that Defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on

---

During the pendency of this action Plaintiff was released from this facility.

Defendant's motion for summary judgment and Plaintiff's opposition to the motion.  (*Doc. Nos. 14, 19*.)  Upon consideration of  motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendant's motion for summary judgment shall be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendant has met his evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs

are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the

substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff states that he arrived at Bullock with a broken wrist. As he describes it, "[m]y arm is sitting on top of my wrist." Plaintiff claims that his wrist needs to be rebroken and reset but complains that Dr. Siddiq will not listen to him and is making him suffer because he is an inmate. (*Doc. No. 1*.)

Dr. Siddiq denies subjecting Plaintiff to unconstitutionally inadequate medical care. Upon Plaintiff's arrival at Bullock in February 2008, Dr. Siddiq observed that he had an old healed fracture of his right wrist. According to the medical history given by Plaintiff, he had previously been treated for the fracture to his right wrist.[3] (*Doc. No. 14, Exh. A - Siddiq Affidavit and Medical Records*.)

Dr. Siddiq issued Plaintiff limited profiles due to his complaints of wrist pain

---

Plaintiff's medical records reflect that he sustained the injury to his wrist in September 2007, prior to being incarcerated, and received treatment at an emergency room. Plaintiff's medical records further indicate that the fracture to his wrist healed without having been properly set. (*Doc. No. 14, Exh. A - Medical Records*.)

6

including a lower bunk profile, no prolonged standing, restricted weight lifting, and work restrictions. Dr. Siddiq also provided Plaintiff with a sling during his incarceration. X-rays of Plaintiff's right wrist taken in March and June of 2008 failed to show any fractures or dislocations and no evidence of instability. (*Doc. No. 14, Exh. A - Siddiq Affidavit and Medical Records*.)

An outside orthopedist, Dr. Chung, examined Plaintiff on June 5, 2008 due to his continued complaints of right wrist pain. After examining Plaintiff, Dr. Chung determined that surgical intervention would not resolve Plaintiff's pain because the fracture had already healed. Accordingly, Dr. Siddiq continued to treat Plaintiff's wrist pain with the use of pain medication such as Ibuprofen and Percogesic. (*Doc. No. 14, Exh. A - Siddiq Affidavit and Medical Records*.)

To prevail on a claim concerning an alleged denial of adequate medical treatment in violation of the Eighth Amendment, an inmate must, at a minimum, show that the defendant acted with deliberate indifference to his health. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."). When seeking relief based on deliberate indifference of prison medical personnel, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an

actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Consequently, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to

> constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Thus, to survive summary judgment on his claim of deliberate indifference, Plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The evidentiary materials before the court show that medical personnel routinely examined and evaluated Plaintiff for his complaints of wrist pain and responded in accordance with their evaluations to his complaints and requests for treatment. (*Doc. No. 14,*

*Exh. A - Siddiq Affidavit and Medical Records*.) The medical records also establish that Dr. Siddiq secured specialist consultations to evaluate Plaintiff's condition and also prescribed relevant medications in an effort to control Plaintiff's wrist pain. (*Id*.) Additionally, the evidentiary materials demonstrate that medical personnel issued various medical profiles when their observations of Plaintiff indicated the need for such action. (*Id*.)

This court has conducted a thorough review of all the evidentiary materials submitted by the parties in this case. After such review, the court concludes that the course of treatment undertaken by Dr. Siddiq was neither grossly incompetent nor inadequate. Although Plaintiff claims that he was "denied everything [he] . . . asked for from splint, alternative medication, ace bandage" (*Doc. No. 19*), his mere desire for a different treatment modality does not establish deliberate indifference. *Waldrop*, 871 F.2d at 1033; *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). To the extent Plaintiff relies on his dissatisfaction with the medical treatment he received as a basis for relief, this case presents "'a classic example of a matter for medical judgment' which is not an appropriate basis for liability under the Eighth Amendment." *Adams*, 61 F.3d at 1545. Moreover, Plaintiff has failed to come forward with any evidence showing that Dr. Siddiq knew that the manner in which he was treating him created a substantial risk to Plaintiff and he disregarded that risk. In the absence of such a showing by Plaintiff, Dr. Siddiq is entitled to judgment in his favor which will be entered.

### III. CONCLUSION

In light of the foregoing, Defendant's motion for summary judgment (*Doc. No. 14*)

is GRANTED, this case is DISMISSED with prejudice, and costs are taxed against Plaintiff for which execution may issue.

A separate Judgment and Order follows.

Done, this 29th day of July 2010.

  /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE